Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4099 | **DATE** | 8/17/2001 |
| **CASE TITLE** | REG G. GARRATT vs. SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN OF KNOWLES ELECTRONICS, INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion to dismiss [7-1] is denied. Defendant is directed to answer the complaint by August 27, 2001.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 3 2001 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 01 AUG 22 PM 7: 19 | 8/17/2001 date mailed notice | |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REG G. GARRATT | ) |
| Plaintiff, | ) No. 01 C 4099 |
| v. | ) Suzanne B. Conlon, Judge |
| SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN OF KNOWLES ELECTRONICS, INC. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Reg G. Garratt sues the Supplemental Executive Retirement Plan of Knowles Electronics, Inc. ("the SERP") for breach of the SERP, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* The SERP moves to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). On June 21, 1993, Garratt and Knowles entered into an employment agreement whereby Garratt would serve as Knowles' CEO until June 30, 1998. When his CEO tenure ended, he would serve in an executive or consulting capacity. The agreement further provided that Garratt would receive a set salary and certain benefits upon the sale of Knowles. A subsequent amendment to the agreement guaranteed

1

Garratt would receive a portion of the deferred compensation account's balance. On July 1, 1997, Garratt became chairman of Knowles' board of directors ("the board"). He held this position while acting as the CEO.

On March 15, 1998, Garratt and Knowles amended the employment agreement to add a sale of company provision. This provision provided that Knowles would make a special incentive payment to Garratt in return for Garratt's assistance in furthering the corporation's future sale. Knowles was to give Garratt the special incentive payment no later than ten days after the closing.

On March 16, 1998, the board created the SERP. The SERP's purpose was to provide benefits for highly paid executives whose benefits under Knowles' pension plan were limited by the Internal Revenue Code. Pursuant to Article 7.1 of the SERP, the plan would terminate upon the sale of Knowles and all benefits would be distributed. In late 1998 and early 1999, nationally recognized pension design consultant William M. Mercer, Inc. ("Mercer") calculated the amount Garratt was scheduled to receive under the SERP. Mercer concluded Garratt was entitled to a lump sum cash payment of $1,349,000. Mercer's calculations did not include Garratt's special incentive payment because the sale of Knowles was not imminent.

On February 23, 1999, Garratt and Knowles again amended the employment agreement. The amended provided in part that:

> In the event the Company or its stockholders enter into a definitive agreement . . . providing for the sale or other complete disposition of the Company . . . the Company shall make a special incentive payment to [Garratt] in recognition of his past service and continuing cooperation and assistance in furthering the sale in an amount equal to 0.42% of the sale price.

At some point between March 15, 1999 and June 25, 1999, Knowles agreed to sale the

corporation to Doughty Hanson & Co. ("Doughty Hanson") for $530,000,000. The closing was set for June 30, 1999. Garratt's efforts made this transaction possible. Thus, he was entitled to a special incentive payment.

During April or May 1999, John W. Hupp ("Hupp"), Knowles' attorney and board member, authorized Mercer to recalculate the amount owed to SERP beneficiaries. In recalculating the amount to which Garratt was entitled, Mercer included the special incentive payment. He considered the incentive payment "earnings," as defined by Knowles' pension plan. Mercer concluded Garratt was entitled to $3,200,000 under the SERP.

On June 24, 1999, Hupp informed Garratt that $3,200,000 was too high and that the Knowles family decided he should only receive $1,349,000. The next day, Huff told the board that Mercer's calculations were not in accord with the SERP program. The board approved Huff's proposal to exclude the special incentive payments from the SERP calculations and the SERP was amended accordingly. Section 3.1 of the SERP was amended as follows:

> [t]hat for purposes of this calculation 'Earnings' as defined in the
> Qualified Plan shall not include any bonus or incentive payments
> made by reason of the sale or disposition of the Company or
> under the 1989 Stock Appreciation Rights Plan for Key Employees.

The original SERP expressly prohibited the board from adopting amendments that would deprive SERP participants of any benefits to which they were entitled prior to the amendment. Section 6.2 of the SERP provides:

> <u>Effect of Amendment or Termination</u>. No amendment or termination
> of the Plan shall directly or indirectly deprive any current or former
> Participating or Surviving Spouse of all or any Supplemental Retirement
> Benefit or Surviving Spouse Benefit payment of which has commenced
> prior to the effective date of such amendment or termination or which
> would be payable if the Participant terminated employment for any
> reason, including death, on such effective date.

On June 29, 1999, Garratt received $1,349,000 under the SERP rather than $3,200,000. The closing took place in New York the next day. Garratt received the special incentive payment a short time later. Garratt claims the board's amendment of the SERP to exclude calculation of the special incentive payment violated § 6.2 of the SERP.

## DISCUSSION

### I. Motion to dismiss standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

### II. Exhibits

The SERP attaches the April 1, 1992 version of Knowles' employee pension plan to the motion to dismiss. The SERP asserts the plan's definition of "earnings" demonstrates that Garratt's special incentive payment should not have been considered in calculating SERP benefits. Garratt asserts this document's terms are not incorporated in the complaint and, thus, cannot be considered on a motion to dismiss. For purposes of a motion to dismiss, it is true that courts are typically restricted to the allegations in the complaint and attached exhibits. *In re First Chicago Corporation Securities Litigation*, 769 F.Supp. 1444, 1450 (7th Cir. 1991). However, courts will consider "pertinent documents that a plaintiff fails to append to his complaint but that

4

a defendant attaches to his motion to dismiss . . ." *Id.*

Garratt does refer to a pension plan in his complaint. The plan may be pertinent for resolving this dispute. However, Garratt contends the pension plan the SERP attaches to its motion to dismiss is not the same version Garratt possesses. Decisions pertaining to the binding effect of a particular pension plan should not be resolved in a motion to dismiss. The case on which the SERP relies in support of its argument that the attached pension plan should be considered is distinguishable. The court in *In re First Chicago Corporation Securities Litigation* considered the actual documents which plaintiffs quoted directly in their complaint. 769 F.Supp. at 1450. In contrast, it is not clear whether Knowles' 1992 pension plan was the version governing the SERP. In addition, the SERP fails to properly authenticate the attached pension plan. *See Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244, 1247 (7th Cir. 1994) (pertinent documents attached to motion to dismiss may be considered when properly authenticated by an affidavit); *Madsen v. Park City*, 6 F.Supp.2d 938, 942, n. 3 (N.D. Ill. 1998) (documents attached to motion to dismiss must be authenticated). Accordingly, the SERP's motion to dismiss must be denied.

## CONCLUSION

The motion to dismiss is denied.

August 17, 2001

ENTER:

Suzanne B. Conlon
United States District Judge

5